**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-23

UNITED STATES TAX COURT

MARK PELOT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3791-13S.                                    Filed March 11, 2014.

Mark Pelot, pro se.

<u>Lawrence D. Sledz</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2010 of $2,527.  The sole issue for decision is whether petitioner is entitled to deduct unreimbursed employee expenses reported on Schedule A, Itemized Deductions.

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the State of Michigan at the time that the petition was filed.

Throughout 2010 petitioner was employed as a fire investigator by Certified Investigations International, Inc. (Certified Investigations).  Petitioner's job included conducting investigations regarding the causes of fires, interviewing fire department employees and people who lived or worked where the fires occurred or

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

in the immediate area, and preparing and reviewing reports. The nature of petitioner's work often required that he travel to locations away from Certified Investigations' main office to examine the site of a fire or interview relevant parties.

Petitioner used one personal vehicle exclusively for work-related transportation and a different personal vehicle for non-work-related transportation. Certified Investigations did not reimburse employees for transportation, vehicle, or any other expenses claimed by petitioner.

Petitioner maintained a log containing information about fires investigated by Certified Investigations during 2010 that included the address of each fire and the investigator assigned to it. Petitioner also maintained a contemporaneously prepared log of his daily activities that included (in part) the file number of each fire, the street name, the activity performed, and his start and end times on each activity. Petitioner recorded his odometer readings.

On occasion petitioner attended conferences related to the science of fire investigations. One such conference was held in Boston, Massachusetts, by the National Association of Fire Investigators; another was sponsored by the Ohio Department of Public Safety Private Investigator Security Guard Services.

Petitioner timely filed his 2010 Federal income tax return. On the Schedule A petitioner claimed miscellaneous itemized deductions consisting of unreimbursed employee expenses of $18,638 and tax preparation fees of $235. In support of his Schedule A deductions for unreimbursed employee expenses petitioner attached to his return Form 2106, Employee Business Expenses. Petitioner elected to apply standard mileage rates for vehicle expenses for 2010. Petitioner claimed deductions for unreimbursed employee expenses as follows:

| | |
|---|---:|
| Vehicle Expenses | $13,929 |
| Parking Fees, Tolls, and Transportation | 141 |
| Travel Expenses While Away From Home Overnight | 1,525 |
| Meals and Entertainment Expenses | 310 |
| Other Business Expenses | 2,888 |
| Less: Multiply Meals and Entertainment by 50% | 155 |
| Total Unreimbursed Employee Expenses | 18,638 |

In December 2012 respondent issued petitioner a notice of deficiency for 2010 determining a deficiency of $2,527. The notice of deficiency disallowed all of the miscellaneous itemized deductions claimed by petitioner on his 2010 Schedule A. The notice is clear that unreimbursed employee expenses were disallowed for lack of substantiation, whereas tax preparation fees were disallowed only because of the 2% floor on miscellaneous itemized deductions prescribed by section 67. Petitioner filed a timely petition for redetermination with the Court.

## Discussion

I. Burden of Proof

The Commissioner's determination of a taxpayer's liability in a notice of deficiency is normally presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). This burden includes substantiating the amounts of deductions claimed. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). Generally, a taxpayer must keep records sufficient to establish the amounts of the items reported on his or her Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. Petitioner has not asserted that the burden of proof as to any relevant factual issue should shift to respondent under section 7491(a). See sec. 7491(a)(1) and (2); Higbee v. Commissioner, 116 T.C. 438, 442-443 (2001).

Deductions are a matter of legislative grace, and, as just indicated, the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see sec. 7491(a)(2) (requiring compliance with statutorily imposed substantiation and recordkeeping requirements for the burden to shift). A taxpayer

must substantiate deductions by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).

When a taxpayer establishes that he or she paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may estimate the amount allowable as a deduction. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). In addition, and as discussed infra, deductions for certain expenses are subject to strict substantiation requirements and an allowance therefore may not be estimated by the Court.

II. Unreimbursed Employee Expenses

A taxpayer who is an employee may deduct unreimbursed employee expenses as an ordinary and necessary business expense under section 162. Sec. 162(a)(2); Lucas v. Commissioner, 79 T.C. 1, 6 (1982). The term "trade or business" includes performing services as an employee. Sec. 162(a)(2); Lucas v.

Commissioner, 79 T.C. at 6.  In contrast, personal expenses, such as commuting

expenses, are not deductible.  Sec. 262; sec. 1.162-2(e), Income Tax Regs.; see

also secs. 1.212-1(f), 1.262-1(b)(5), Income Tax Regs.  Whether an expenditure

satisfies the requirements for deductibility under section 162 is a question of fact.

See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

Section 274(d) prescribes more stringent substantiation requirements to be

met before a taxpayer may deduct certain categories of expenses, including travel

expenses, meals and entertainment expenditures, and expenses related to the use of

listed property as defined in section 280F(d)(4)(A).  See Sanford v. Commissioner,

50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969).  As relevant here, the

term "listed property" includes passenger automobiles.  Sec. 280F(d)(4)(A)(i).  To

satisfy the requirements of section 274(d), a taxpayer generally must maintain

adequate records or produce sufficient evidence corroborating his own statement,

establishing the amount, date, and business purpose of an expenditure or business

use of property.  Sec. 1.274-5T(b)(6), (c)(1), Temporary Income Tax Regs., 50

Fed. Reg. 46016-46017 (Nov. 6, 1985).

Section 1.274-5T(c)(2), Temporary Income Tax Regs., supra, provides in

relevant part that "adequate records" generally consist of an account book, a diary,

a log, a statement of expense, trip sheets, or a similar record made at or near the

time of the expenditure or use, along with supporting documentary evidence. Section 1.274-5(j)(2), Income Tax Regs., provides that the strict substantiation requirements of section 274(d) for vehicle expenses must be met even where the optional standard mileage rate is used. Moreover, the Court may not use the Cohan doctrine to estimate expenses covered by section 274(d). Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

A. Vehicle Expenses

Petitioner elected to apply standard mileage rates and claimed deductions for vehicle expenses of $13,929 for 2010. The record includes a log containing petitioner's daily work assignments and addresses to which he drove in connection with his employment with Certified Investigations.

Petitioner's testimony at trial describing his daily activities and responsibilities during the course of his employment with Certified Investigations was forthright and credible. We are satisfied from his testimony and other evidence in the record that he traveled regularly from Certified Investigations' office to various locations of fires and back within the scope of his employment. We likewise are convinced that the logs that petitioner provided were prepared contemporaneously and are generally representative of the miles that he drove for

business purposes.  Under the circumstances, recognizing that mileage for commuting is not deductible, and giving appropriate weight to petitioner's contemporaneously made logs of his daily assignments and time, as well as his testimony, we conclude that he has adequately substantiated that he drove a total of 21,058 business miles in connection with his work for Certified Investigations during 2010.  See, e.g., Steinhort v. Commissioner, 335 F.2d 496 (5th Cir. 1964), aff'g and remanding T.C. Memo. 1962-233; Heuer v. Commissioner, 32 T.C. 947 (1959), aff'd per curiam, 283 F.2d 865 (5th Cir. 1960).

### B.  Parking Fees, Tolls, and Transportation Expenses

Petitioner claimed a deduction of $141 for unreimbursed employee parking fees, tolls, and transportation expenses.  Petitioner failed to provide any receipts, canceled checks, bank records, or similar records to substantiate any of these expenditures, and he did not testify or offer secondary evidence regarding the expenditures.  Accordingly, petitioner is not entitled to deductions for unreimbursed employee parking fees, tolls, and transportation expenses.

### C.  Travel Expenses While Away From Home Overnight

Petitioner claimed a deduction of $1,525 for travel expenses while away from home overnight, including lodging, airplane, car rental, and other expenses.  Petitioner attended a conference in Boston, Massachusetts, related to the science

of fire investigations; however, the record does not include documentation or other persuasive evidence regarding the cost of the flight or other travel expenses. Because petitioner did not substantiate these expenses, he is not entitled to any travel expense deductions relating to the Boston trip.

Petitioner did not offer any documentation or other persuasive evidence regarding any other travel expense. Accordingly, petitioner is not entitled to deductions for travel expenses while away from home overnight.

### D.  Meals and Entertainment Expenses

Petitioner claimed a deduction of $310 for unreimbursed employee meals and entertainment expenses. As previously mentioned, meals and entertainment expenses are subject to the strict substantiation requirements of section 274(d). Petitioner failed to provide any receipts, canceled checks, bank records, or similar records to substantiate any expenditures for meals and entertainment, and he did not testify or offer secondary evidence regarding such expenditures. Accordingly, petitioner is not entitled to any deduction for meals and entertainment expenses.

### E.  Other Business Expenses

Petitioner claimed a deduction of $2,888 for other unreimbursed employee business expenses not deducted elsewhere.

As discussed above, petitioner attended a conference in Boston, Massachusetts, hosted by the National Association of Fire Investigators. Accordingly, petitioner is entitled to a deduction of $500 for the cost of the conference.  See Cohan v. Commissioner, 39 F.2d at 543-544.  Petitioner also attended a seminar sponsored by the Ohio Department of Public Safety Private Investigator Security Guard Services.  At trial petitioner introduced documentation of a seminar fee of $65, a registration fee of $35, and a fingerprint check for $22, for a total of $122.

Petitioner did not introduce any documentation or other persuasive evidence regarding any other business expenses.  Therefore, of the $2,888 claimed on his tax return, petitioner is entitled to a deduction of $622 (i.e., $500 + $122) for other business expenses.

## Conclusion

In holding on the disputed issue, we have considered all of the arguments advanced by the parties, and, to the extent not expressly addressed, we conclude that those arguments do not support a result contrary to that reached herein.

In order to give effect to the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.